# UNITED STATES DISTRICT COURT
### for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 3:15-cr-107-9 |
| | ) |
| Melissa R. Casey | ) USM No: 48834-074 |
| | ) |
| Date of Original Judgment: 08/17/2016 | ) |
| Date of Previous Amended Judgment: | ) Jonathan A. Moffatt |
| | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment of
168 months **is reduced to** 151 months .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated 08/17/2016 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 6/11/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                    )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )        No.:    3:15-CR-107-KAC-DCP-9
                                             )
MELISSA R. CASEY,                            )
                                             )
            Defendant.                       )

## ANALYSIS

This case is before the Court on the Parties' "Joint Motion Under Guideline Amendment 821, Part A" [Doc. 1492]. On August 17, 2016, the Court sentenced Defendant Melissa R. Casey to a total of 168 months' imprisonment for (1) conspiracy to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) and 1956(a)(1) [Doc. 1172 at 1-2]. In their Joint Motion, the Parties ask the Court to reduce Defendant's sentence from 168 months' imprisonment to 151 months' imprisonment under 18 U.S.C. § 3582(c)(2) [*See* Doc. 1492 at 3].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the

2

"decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Guidelines policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

Section 4A1.1 is amended—
by striking subsection (d) as follows:
"(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
by redesignating subsection (e) as subsection (d);
and by inserting at the end the following new subsection (e):
"(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is eligible for a reduction under Section 4A1.1(e). When sentenced, Defendant had a subtotal criminal history score of two (2) [Doc. 1164 ¶ 112, *sealed]. The text of Section 4A1.1(d) at that time required that two (2) points be added to that subtotal because she committed the offense while under a criminal justice sentence [*Id.* ¶ 113, *sealed]. This resulted in a criminal history category of three (III). Based on a total offense level of thirty-three (33) and a criminal history category of three (III), Defendant's previous advisory guideline

3

range was 168 to 210 months' imprisonment [*Id.* ¶ 130, *sealed]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would not receive the additional two (2) criminal history points for committing the offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Therefore, her criminal history score would be two (2), resulting in a criminal history category of two (II) and an amended guideline range of 151 to 188 months' imprisonment [*See* Doc. 1492 at 3].

The relevant Section 3553(a) factors also support a reduction of Defendant's sentence to 151 months' imprisonment. To date, Defendant has "not incurred any disciplinary sanctions and has completed extensive programming" while in custody [*Id.*]. *See* 18 U.S.C. § 3553(a)(1). The Bureau of Prisons transferred Defendant to home confinement in 2022 where Defendant has incurred no new charges [*See* Doc. 1492 at 3]. *See* 18 U.S.C. § 3553(a)(2)(C). Upon release from home confinement, Defendant will have served 151 months' confinement for her serious crimes [*See id.*]. *See* 18 U.S.C. § 3553(a)(2)(A). And Defendant still must serve five (5) years of supervised release, which will provide adequate deterrence and protect the public [Doc. 1172 at 3]. *See* 18 U.S.C. § 3553(a)(2)(B), (C). The "kinds of sentence and sentencing range established" and the pertinent Sentencing Guideline policy statements also favor the reduction. *See id.* § 3553(a)(4)-(5).